IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JARED ALAN MOORE,<br>　　　　　　Petitioner,<br><br>　vs.<br><br>JOHN E. WETZEL; THE ATTORNEY<br>GENERAL OF THE STATE OF<br>PENNSYLVANIA,<br>　　　　　　Respondents. | Civil Action No. 15-293<br>Magistrate Judge Maureen Kelly<br><br>Re: ECF No. 52 |

# **O R D E R**

Jared Alan Moore ("Petitioner") had filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), seeking to attack his convictions for, *inter alia*, First Degree Murder. ECF No. 2. After the case was stayed pending Petitioner's exhaustion of state court remedies, and after he accomplished the exhaustion, the case was re-opened, and Petitioner filed an Amended Habeas Petition. ECF No. 22. Respondents filed a Motion to Dismiss based on untimeliness. ECF No. 37. The Court ordered Petitioner to file a Response to the Motion to Dismiss. ECF No. 39.

Petitioner has now filed a Motion to Compel Respondents to Produce State Court Record Pursuant to Habeas Rule 5(d) (the "Motion to Compel"). ECF No. 52. For the reasons that follow, the Motion to Compel will be denied.

In a previous order denying Petitioner's requests for discovery, the Court instructed Petitioner as follows:

> In light of this, we also note that despite Petitioner providing this Court with many exhibits in his many pleadings, to the extent that those exhibits relate to any Grounds for Relief which the state courts have adjudicated on the merits, this Court may not consider such exhibits or evidence until and unless, Petitioner shows where in the state court record such exhibits or evidence exists. Accordingly, if Petitioner cites to any exhibits attached to his pleadings, he must either show for each and every

exhibit where in the state court record such exhibits appear or explain why the Court may consider such exhibits notwithstanding AEDPA's restrictions as explained in Cullen v. Pinholster and its progeny. If Petitioner fails to do so, the Court cannot and will not consider such exhibits or evidence.

ECF No. 40. Now, in the instant Motion to Compel, Petitioner seeks to have Respondents provide portions of the state court record that he asserts he needs in order to be able to show where some of the exhibits he attached to his Amended Petition are in the state court record. ECF No. 52 ¶ 6.

Petitioner's Motion to Compel is DENIED without prejudice to being refiled if the Motion to Dismiss is denied. In response to the Motion to Dismiss, Petitioner may utilize any exhibits he desires because the prohibition against considering items which are not contained in the state court record which is found in 28 U.S.C.A. § 2254(d)(1), only applies to federal courts review of federal claims adjudicated on the merits by a state courts. Because the Motion to Dismiss raises only the issue of the timeliness of his Amended Habeas Petition, an issue not addressable by state courts, and not subject to the prohibition of Section 2254(d)(1), Petitioner may rely on any exhibits he desires. Therefore, he does not now show an immediate need for the requested items of the state court record which he requests in the Motion to Compel.

To the extent that Petitioner requests in the Motion to Compel that this Court consider exhibits not contained in the state court record if it reviews the Amended Petition on the merits, the request is DENIED. ECF No. 52 ¶ 7. Petitioner cites Vasquez v. Hillery, 474 U.S. 254 (1986) for the proposition that federal habeas Courts may consider supplemental evidence not contained in the state court record. We reject this claim. The United States Supreme Court in Pinholster made very clear that federal habeas Courts may not do so when it declared the following:

> The State does not contest that the *alleged* claim was adjudicated on the merits by the California Supreme Court, but it asserts that some of the evidence adduced in the federal evidentiary hearing fundamentally changed Pinholster's claim so as to render it effectively unadjudicated. See Brief for Petitioner 28–31; Reply Brief for Petitioner

> 4–5; Tr. of Oral Arg. 18. Pinholster disagrees and argues that the evidence adduced in the evidentiary hearing simply supports his alleged claim. Brief for Respondent 33–37.
>
> We need not resolve this dispute because, even accepting Pinholster's position, he is not entitled to federal habeas relief. Pinholster has failed to show that the California Supreme Court unreasonably applied clearly established federal law on the record before that court, *infra,* at 1403 – 1406, 1408 – 1410, which brings our analysis to an end. Even if the evidence adduced in the District Court additionally supports his claim, as Pinholster contends, **we are precluded from considering it.** See n. 20, *infra*.

Cullen v. Pinholster, 563 U.S. 170, 187 n.11 (2011) (emphasis added). See also id. at 203 n. 20 ("Because Pinholster has failed to demonstrate that the adjudication of his claim based on the state-court record resulted in a decision 'contrary to' or 'involv[ing] an unreasonable application' of federal law, a writ of habeas corpus 'shall not be granted' and our analysis is at an end. 28 U.S.C. § 2254(d). We are barred from considering the evidence Pinholster submitted in the District Court that he contends additionally supports his claim.").

Lastly, the Court rejects Petitioner's suggestion that Pinholster had no impact on discovery standards in habeas review. ECF No. 52 ¶ 8. While there may be a split of decisions, we find the majority rule more persuasive. Kemp v. Ryan, 638 F.3d 1245, 1258 n.8 (9th Cir. 2011) (reasoning post-*Pinholster* that if AEDPA barred a petitioner from having an evidentiary hearing, the petitioner necessarily could not show "good cause" for discovery under Rule 6); Broom v. Bobby, 1:10 CV 2058, 2018 WL 1621083, at *5 (N.D. Ohio Apr. 4, 2018) ("This Court agrees with the majority position that *Pinholster* applies to factual development through discovery in federal habeas proceedings, and precludes petitioners from conducting discovery on claims that were adjudicated on the merits in state courts as district courts are limited in their review under § 2254(d)(1) to the record that was before those courts.").

Accordingly, the following order is entered:

**AND NOW**, this 25th day of March, 2020 Petitioner's Motion to Compel is DENIED without prejudice to the extent that Petitioner seeks to have Respondents produce more of the state court record. To the extent that the Motion to Compel seeks any other relief, the Motion is DENIED with prejudice.

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Jared Alan Moore
HR-2763
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

All Counsel of Record via CM-ECF